**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Applicant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Respondent.**

**Civ. A. No. 80–729C(1).**

United States District Court, E. D. Missouri, E. D.

June 30, 1980.

On Motions to Modify and Amend Sept. 10, 1980.

Byrdies Brownridge, St. Louis, Mo., for applicant.

Harold L. Whitfield, St. Louis, Mo., for respondent.

## MEMORANDUM AND ORDER

WANGELIN, Chief Judge.

This is an action for enforcement of a subpoena duces tecum, pursuant to Section 710 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e–9. Jurisdiction is conferred upon this Court by Sections 706(f)(3) and 710 of Title VII, 42 U.S.C. Sections 2000e–5(f) and 9.

The applicant for an order directing the Respondent to comply with the subpoena is the Federal agency charged with administration and enforcement of Title VII, including, *inter alia*, the investigation of charges of unlawful employment practices.

Respondent, Bi–State Development Agency, is an agency, doing business in the State of Missouri with facilities at 818 Olive Street, St. Louis, Missouri 63101.

On April 23, 1980, the Applicant issued and served upon the Respondent, Bi–State Development Agency, a subpoena duces tecum, directed to its agent, Melvin Deschamps, requiring Respondent to produce evidence needed as part of the Applicant's investigation of a charge of unlawful employment practices which had been filed against Respondent. Respondent failed and refused to comply with the subpoena, wherefore the Equal Employment Opportunity Commission requested an order be issued directing the Respondent to comply with the subpoena.

The Applicant's subpoena was issued pursuant to a charge of discrimination filed with the Commission by Michael R. Nicholson, an employee of Respondent. Michael R. Nicholson failed to appear at the show cause hearing on Applicant's request for an order to enforce its subpoena. But, it is noted that the Nicholson charge was filed on August 29, 1979, and alleged racial discrimination by Respondent in violation of Title VII in the form of harassment. The show cause hearing established that Michael R. Nicholson, on January 14, 1980, entered into a "private settlement" with Respondent (Applicant's Exhibit E) resolving all his grievances filed. Among other things that agreement stated the following:

1. Employee Michael Nicholson, Badge # 6981, will be reinstated to work effective January 7, 1980. Employee Nicholson will be assigned to the DeBaliviere Station on the second shift as a cleaner and will be awarded a vacancy at the East St. Louis Station when available.

2. Employee Nicholson's records will be expunged and the employee will start with a new record on this date.

3. All grievances filed are hereby resolved through this action being taken.

The facts also establish that Michael Nicholson is presently employed by Respondent, and that indeed his employment records have been expunged and his new employment date is January 14, 1980. Accordingly, this "private settlement" by Michael

Nicholson with Respondent renders the issues moot as to any pending charge he may have had with the Applicant. Of particular note, is the desire of Nicholson not to have an employment record with Respondent that dates prior to January 14, 1980. Therefore,

IT IS HEREBY ORDERED that Applicant's request for an order directing the Respondent to comply with its subpoena is denied and that this action be and is dismissed.

## ON MOTION TO MODIFY AND AMEND

This matter is before the Court upon applicant's separate motions to modify its findings in its order refusing to direct Respondent to comply with its subpoena, and to amend the court order refusing to direct Respondent to comply with the subpoena or in the alternative to grant a rehearing. For the reasons stated below, applicant's motions will be denied.

Applicant, Equal Employment Opportunity Commission, requested an order from this Court directing Respondent, Bi–State Development Agency, to produce certain employment records in accordance with a subpoena duces tecum served on April 23, 1980. EEOC was investigating an allegation filed on August 29, 1979 by a Michael R. Nicholson that Respondent engaged in a discriminatory employment practice against him. Respondent refused to produce any such records.

After a show cause hearing held on June 23, 1980, this Court issued a Memorandum and Order which found that on January 14, 1980 Respondent and Michael R. Nicholson entered into a "private settlement" resolving all filed grievances. One of the actions agreed upon by both parties was the expungement of Nicholson's employment records up to January 14, 1980.

Applicant now requests that the Court amend its June 30, 1980 Memorandum and Order to show that Michael R. Nicholson failed to appear at the show cause hearing of June 23, 1980 because he was not so ordered by the Court or subpoenaed or requested to attend by either party. In the absence of any stipulation or admission by the parties, or affidavit in support of this fact, the Court declines to adjudge why Nicholson was not present. Accordingly, until such fact is proven to the Court, applicant's motion for a clarification will be denied.

Applicant also asserts that this Court must amend its refusal to order Respondent to produce certain employment records because any remedy for the breach of the private contractual employment agreement was not waived by the settlement between Nicholson and Respondent. The United States Supreme Court has found that a settlement by an individual of his rights under a collective bargaining grievance proceeding does not foreclose a private remedy arising from a right protected by Title VII. *See Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). However, Respondent makes no such assertion, but rather merely points to the fact that pursuant to the private settlement between Nicholson and Bi–State, his pre–January 14, 1980 employment records were expunged. In support of this contention respondent submitted the affidavits of Kenneth M. Fleming, Equal Employment Opportunity Manager for the Bi–State Development Agency, and Miguel A. Lopez, Labor Relations Administrator for the Bi–State Development Agency, that upon Nicholson's signing of the "private settlement" all pre–January 14, 1980 records were destroyed.

This Court is not empowered to order Respondent Bi–State to produce any such records under a subpoena duces tecum when such records no longer, in fact, exist.

Applicant is not necessarily precluded from utilizing other discovery devices made available under the Federal Rules of Civil Procedure, e. g., depositions and interrogatories, to the extent that they may properly be utilized, if at all, in an EEOC investigatory proceeding. Therefore

IT IS HEREBY ORDERED that applicant's request for modification of the Court's findings, and an amendment of the

320

Court's order or in the alternative a grant of a rehearing be and the same are DE-NIED.