**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Appellant,**

v.

**BI–STATE DEVELOPMENT AGENCY, Appellee.**

No. 80–2053.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 12, 1981.

Decided Oct. 28, 1981.

Freeman, Whitfield, Montgomery & Walton, St. Louis, Mo., for Bi-State Development Agency.

Leroy D. Clark, Gen. Counsel, Constance L. Dupre, Acting Associate Gen. Counsel, Vella M. Fink, Acting Asst. Gen. Counsel, Susan Buckingham Reilly, Atty., E. E. O. C., Washington, D. C., for E. E. O. C.

Before HENLEY and ARNOLD, Circuit Judges, and BECKER,* Senior District Judge.

HENLEY, Circuit Judge.

The Equal Employment Opportunity Commission (EEOC) appeals the order of the district court denying its application for enforcement of a subpoena duces tecum served on appellee Bi-State Development Agency (Bi-State) to obtain materials in conducting an investigation of a race discrimination charge filed by one of appellee's employees. We reverse the judgment and remand for further consideration.

The subpoena in question was issued on April 23, 1980 in connection with an August 29, 1979 discrimination charge filed by Michael R. Nicholson, a black man employed by Bi-State subjected to warnings, suspensions, discharges, and docked pay while certain white employees who had behaved similarly were not disciplined in any manner. In carrying out its investigation of Nicholson's complaint, the EEOC issued the subpoena, which required Bi-State to produce, *inter alia*, the following: Nicholson's personnel file; written standards for measuring job performance, rules concerning docking of pay and duties and conduct of Bi-State employees, and disciplinary policies; all records for employees who engaged in conduct similar to Nicholson's during 1979, including information on the employee's race, date of hire, position, and conduct, and the nature of and reason for the discipline or lack thereof; and 1979 time and payroll records that showed whether and why pay had been docked.

When Bi-State did not provide the information requested, appellant brought an action in the district court to enforce the subpoena. At a show cause hearing held on June 23, 1980, Bi-State conceded that appellant had the authority to investigate the discrimination charge and that the materials requested were relevant. Appellee argued, however, that the EEOC charge had been resolved by a January 14, 1980 grievance settlement between Nicholson and Bi-State, under which all of Nicholson's records prior to the date of the settlement agreement were expunged.[1]

---

* The Honorable William H. Becker, United States Senior District Judge, Western District of Missouri, sitting by designation.

1. The grievance settlement, in pertinent part, states:

1. Employee Michael Nicholson ... will be reinstated to work ....

2. Employee Nicholson's records will be expunged and the employee will start with a new record on this date.

3. All grievances filed are hereby resolved through this action being taken.

In its initial ruling of June 30, 1980 the district court concluded that the " 'private settlement' by Michael Nicholson with [Bi-State] renders the issues moot as to any pending charge he may have with the [EEOC]." *EEOC v. Bi-State Development Agency*, 500 F.Supp. 317, 318–19 (E.D.Mo. 1980). On this basis, the court denied appellant's application for enforcement. In a September 10, 1980 Memorandum and Order denying the EEOC's subsequent motion to amend the findings of June 30, *see* Fed. R.Civ.P. 52(b), the court recognized that the grievance settlement between Nicholson and Bi-State did not necessarily moot the EEOC proceeding.[2] *See Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Odomes v. Nucare, Inc.*, 653 F.2d 246 (6th Cir. 1981); *Lyght v. Ford Motor Co.*, 643 F.2d 435 (6th Cir. 1981). It held, however, that because Nicholson's employment records dating before January 14, 1980 were expunged it was powerless to order Bi-State to produce nonexistent materials. *See EEOC v. Bi-State Development Agency, supra*, 500 F.Supp. at 319.

We conclude that the district court's blanket refusal to enforce the administrative subpoena was error. While it is true that the subpoena could not have been enforced with respect to material in Nicholson's personnel file that no longer existed, it also required appellee to produce many other materials that are extant and within Bi-State's possession or control.[3] For this reason, the district court's broad denial of the application for enforcement cannot stand.

In reaching this conclusion, we do not imply that the district court, in reconsidering the EEOC's enforcement request, must compel Bi-State to produce all the requested information. To the extent that Bi-State's stipulation that the materials requested were relevant does not preclude it from seeking a protective order, upon its motion and showing of good cause, *see Iowa*

*Beef Processors, Inc. v. Bagley*, 601 F.2d 949, 954 n.5 (8th Cir.), *cert. denied*, 441 U.S. 907, 99 S.Ct. 1997, 60 L.Ed.2d 376 (1979), the court may issue such appropriate protective orders as may be necessary. *See* Fed.R. Civ.P. 26(c).

We reverse the judgment of the district court and remand the case for further proceedings in light of this decision.

---

2. Thus, the question whether the grievance settlement mooted the entire EEOC proceeding is not before us at this time and we decline to decide it. We also leave for the district court's decision, if necessary, appellant's contention that Bi-State's failure to challenge the subpoe-

na in the administrative forum bars it from raising any defenses against enforcement.

3. Bi-State has not and does not now deny that these materials are within its possession or control.